```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

**ERIC W. DUNLAP,**

   Petitioner,

            Civil Action 2:14-cv-1991
 vs.           Judge Frost
            Magistrate Judge King

**WARDEN, FRANKLIN MEDICAL CENTER,**

   Respondent.

## ORDER

Petitioner, a state prisoner who was convicted in March 1992 for felonious sexual penetration, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *Petition*, ECF 2. On October 20, 2014, the United States Magistrate Judge recommended that the *Petition* be dismissed, pursuant to the provisions of Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, for failure to state a claim for habeas corpus relief. *Order and Report and Recommendation*, ECF 3. This matter is now before the Court on petitioner's objection to that recommendation. *Objection*, ECF 5. The Court will consider the matter *de novo.* *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

The *Petition* alleges simply,

> No substantive law filed in this case or otherwise invoked. No record or substantive law for state or federal jurisdiction. There is no due process of law for a criminal state conviction. Nor any public record of any state offense.

*Id*. at PAGEID# 8. As noted by the Magistrate Judge, the *Petition* contains no facts in support of petitioner's claim that he is in

1

custody in violation of the Constitution or laws of the United States.

In his objections, petitioner contends that "no substantive law was invoked, or shown by the Respondents." *Objection*, PageID# 41. Accordingly, petitioner argues, "It is <u>a fact</u> of record it [sic] is a real possibility of Fourth and Fourteenth Amendment constitutional error of record." *Id.* (emphasis in original). Petitioner argues that "it is upon the Respondent to prove or disprove the State of Ohio's lawful interest." *Id*.

The *Petition*, even liberally construed, alleges no facts in support of a claim that petitioner was convicted in violation of the Constitution or laws of the United States. *See* Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts (A habeas corpus petition must, among other things, "state the facts supporting each ground. . . ."). Simply put, the *Petition* does allege a basis for concluding that petitioner is entitled to relief, nor does it present a "'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n. 7 (1977)(quoting Advisory Committee Note to Rule 4, Rules Governing Habeas Corpus Cases).

Petitioner's objection to the *Report and Recommendation* is **DENIED.** The *Report and Recommendation*, ECF 3, is **ADOPTED AND AFFIRMED.** This action is **DISMISSED.**

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

Moreover, the Court **DECLINES** to issue a certificate of appealability.

/s/   Gregory L. Frost
Gregory L. Frost
United States District Judge
